UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

CARL ANTONIO ALMON,
*Defendant-Appellant.*

No. 00-4143

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Solomon Blatt, Jr., Senior District Judge.
(CR-98-1194)

Submitted: October 26, 2000

Decided: November 13, 2000

Before WIDENER, MOTZ, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Marcia G. Shein, LAW OFFICE OF MARCIA G. SHEIN, P.C.,
Atlanta, Georgia, for Appellant. J. Rene Josey, United States Attor-
ney, Brucie Howe Hendricks, Assistant United States Attorney,
Charleston, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

## OPINION

PER CURIAM:

Carl Antonio Almon appeals his conviction by a jury of assault on a postmaster with the intent to rob, and in doing so, using a knife and putting the postmaster's life in jeopardy, in violation of 18 U.S.C.A. § 2114(a) (West 2000). On appeal, he argues that the evidence was insufficient, that there was a constructive amendment to the indictment, that the Government made improper statements during closing arguments, and that trial counsel provided ineffective assistance. We grant the Government's motion to supplement the joint appendix and, finding no reversible error, affirm.

Almon challenges his conviction on the ground that the district court erred by denying his motion for judgment of acquittal under Fed. R. Crim. P. 29. He essentially claims that there was insufficient evidence identifying him as the perpetrator. We have reviewed the trial testimony and find that the evidence, when viewed in the light most favorable to the Government, was sufficient to convict Almon. *See United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998) (citations omitted) (stating standard of review), *cert. denied*, 525 U.S. 1141 (1999).

Next, Almon asserts that the district court's instructions and the evidence presented constructively amended the indictment. A constructive amendment to an indictment occurs through a jury instruction when the instruction "broadens the possible bases for conviction beyond those presented by the grand jury." *United States v. Floresca*, 38 F.3d 706, 710 (4th Cir. 1994) (en banc). Although Almon alleges that the court's instructions broadened the crimes of which he could be convicted, the court's instructions accurately reflected the indictment and the elements of the offense. *See United States v. Lawrence*, 699 F.2d 697, 701-03 (5th Cir. 1983) (discussing elements of § 2114(a) offense). We therefore find no plain error. *See United States v. Olano*, 507 U.S. 725, 732-37 (1993) (stating standard of review).

Third, Almon contends that the Government's closing argument contained inflammatory remarks, improper opinions, and misrepre-

sentation of the evidence. We have reviewed the transcript of the Government's argument and find that there was no plain error. *See United States v. Wilson*, 135 F.3d 291, 297-99 (4th Cir. 1998) (providing standard).

Finally, Almon argues that trial counsel provided ineffective assistance by failing to raise the issue of constructive amendment of the indictment, to object to the Government's closing arguments, and to call witnesses to support Almon's alleged alibi defense. We decline to address this issue on direct appeal. *See United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999) (providing standard), *cert. denied*, ___ U.S. ___, 68 U.S.L.W. 3431 (U.S. Jan. 10, 2000) (No. 99-7186).

Accordingly, we affirm Almon's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*